No. 168.—R. W. TURNER *v.* WILLIAM H. HILL and N. A. DURDIN.

The capacity of a sheriff duly commissioned as such, cannot be tested or inquired into by an injunction against a seizure made on a *fi. fa.*;

APPEAL from the Tenth Judicial District Court, parish of Bossier.  *Levisee*, J.  *R. W. Turner, pro se*, appellant, *T. M. Fort*, for defendants and appellees.

TALIAFERRO, J.  The defendant Durdin having obtained a judgment against the plaintiff Turner, issued execution, and the other defendant Hill, acting as sheriff of Bossier parish, seized a steam engine, saw mill and fixtures belonging to the plaintiff.  Thereupon the plaintiff enjoined the proceeding, alleging as ground for the injunction that Hill, the person making the seizure, is not sheriff of the parish of Bossier, and that all acts he pretends to do in that capacity are illegal, null and void.

The answer is a general denial.  The defendant, Durdin, prays the injunction may be dissolved, and that the plaintiff be condemned to pay him eight per cent. per annum interest on the amount enjoined, twenty per cent damages on that sum, and fifty dollars special damages, amount of attorney's fee incurred.

The plaintiff prays that the defendant, Hill, be adjudged without authority as sheriff, and that the defendants be condemned *in solido* to pay him two hundred and fifty dollars as damages.

The judgment of the lower court dissolved the injunction and awarded the defendant, Durdin, fifty dollars damages for attorney's fee.  The plaintiff appealed.

The facts seem to be that Hill was appointed and commissioned as sheriff of the parish of Bossier by Governor Wells in November, 1866, and took the oath of office, and has continued to act in that capacity ever since.  It has often been decided that the capacity of sheriffs duly commissioned, cannot be inquired into incidentally and collaterally by third parties.  A special statute of the State provides for inquiring

into and testing the capacity and right of persons holding and exercising public offices. Whether the defendant is or is not constitutionally and legally sheriff of the parish of Bossier, we cannot in this form of proceeding undertake to determine. It is sufficient *prima facie* that he was duly commissioned in 1866, and no successor has been installed into office. The State Constitution, article 122, provides that "all officers shall continue to discharge the duties of their offices until their successors shall have been inducted into office, except in cases of impeachment or suspension."

In the case of Gradingo *v.* Moore, curator, 10 An. 690, this court declared that "the capacity of sheriffs duly commissioned to exercise the duties of their office, is not to be brought in question by third persons in this collateral manner, nor the rights of litigants to be made to depend upon a future possible controversy between the State and one of its officers," and added: "For the determination of this cause it is enough for us to know that Jean Baptiste David was, at the time his deputy served the citation, *de facto* sheriff of St. Landry, under color of title; it would not vitiate the service as between these parties, though it should ultimately turn out that David was not sheriff *de jure.*

The judgment of the District Court was properly rendered.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs in both courts.